u

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ZAHKEE FATTAH BEAMER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0650 |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | |
| FACILITY, *et al.*, | : | |
| Defendants. | : | |

FILED

FEB 15 2019

## MEMORANDUM

SÁNCHEZ, C.J.                                                            FEBRUARY 15, 2019

*Pro se* Plaintiff Zahkee Fattah Beamer has filed this civil action pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility ("GWHCF") and the Geo Group, raising claims regarding conditions of confinement during his recent incarceration there. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Beamer leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Beamer was admitted to an intake holding room at the GWHCF on January 12, 2019. (Compl. at 5.)[1] He alleges that this holding room "contained over a twenty (20) man cell capacity with far less than three (3) feet of content spacing between inmates." (*Id.*) Beamer was in the holding room for three days, until January 14, 2019, "when inmates [were] then 'classified' and were dispersed back into lawful conditions." (*Id.*) Beamer states that officers ignored his remarks and "continued to fill the cell up to an unlawful capacity causing [him] to

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

sleep on a floor under a bench with [his] body touching two other inmates." (*Id.*) During this time, no bedding, heat, and hygiene were provided, causing Beamer's "anxiety to spike at an unhealthy level." (*Id.*) Beamer states that he would like to file a class action on behalf of himself and nineteen (19) other inmates regarding these conditions. (*Id.*) As relief, he asks the Court to "diagnose the real problem here which lies with the privatization of this facility in the first place." (*Id.* at 6.) He also asks for "monetary compensation for every day confined to such conditions." (*Id.*)

During portions of this time, he was assigned to a cell with two (2) other men. (*Id.*) Beamer also alleges that he was without water and heat for three (3) days. (*Id.* at 4-5.) He suggests that he and his cellmates "got into a lot of arguing and fights," and that he could not use the toilet "without someone watching." (*Id.* at 6.) As relief, Beamer asks to "[separate] inmates [and for] someone to discuss problems [with]." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant Beamer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Beamer is proceeding *pro*

2

*se*, the Court construes his allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Beamer's Complaint fails to state a claim for relief at this time.

### A. Claims Brought on Others' Behalf

As noted above, Beamer indicates that he would like to file a class action to stand up for the rights of nineteen (19) other inmates. However, a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). Accordingly, Beamer cannot proceed with a class action in the absence of counsel. *See Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives."); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (per curiam) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."). Accordingly, the Court will dismiss without prejudice any claims raised on others' behalf.

### B. Discussion of the Named Defendants

Beamer has named the GWHCF as a Defendant in this matter. However, his claims against the GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL

3

1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

The Geo Group acts under the color of state law by providing services for the George W. Hill Correctional Facility. *See Belt v. GEO Group, Inc.*, No. 06-1210, 2007 WL 1030530, at *3 n.1 (E.D. Pa. Apr. 4, 2007) (citing *McCullum v. City of Philadelphia*, No. 98-5858, 1999 WL 493696, at *2 (E.D. Pa. July 13, 1999)). However, to hold the Geo Group liable under § 1983, Beamer must allege that his constitutional rights were violated as a result of a custom or policy adopted by that entity. *See Cephas*, 2011 WL 2695311, at *2 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Beamer has not done so in his Complaint. Accordingly, he cannot maintain a claim against the Geo Group at this time. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was"). For these reasons alone, Beamer's Complaint is subject to dismissal. Beamer's claims suffer from other deficiencies, which the Court addresses below.

### C. Additional Deficiencies

Beamer takes issues with various conditions at the GWHCF. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Beamer's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Beamer first takes issue with the fact that he spent three (3) days in a holding area with nineteen (19) other inmates. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Beamer has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not

5

violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Thus, Beamer's Complaint fails to state a claim with respect to his allegations of overcrowding.

Beamer also suggests that he was without bedding, heat and hygiene (presumably a reference to showers) for the three (3) days he spent in the holding room. While being made to endure extreme temperatures can rise to the level of a deprivation of a basic human need, *Shelby Cty. Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986) (noting that inmates "have a right to . . . be free from extreme hot and cold temperatures"), the Complaint fails to plausibly allege that the lack of heat amounted to punishment or deprived Beamer of any basic human needs for a significant period of time. Beamer has not indicated how he was impacted from the lack of heat. *See, e.g., Deputy v. Taylor*, No. 02-183, 2003 WL 361216, at *3 (D. Del. Feb. 19, 2003) (noting that "[o]nly in the most extreme cases does the lack of heat rise to the level of a constitutional violation"); *Castro v. Chesney*, No. CIV. A. 97-4983, 1998 WL 767467, at *9-10 (E.D. Pa. Nov. 3, 1998) (noting that general allegations regarding the lack of heat were insufficient to give rise to a constitutional violation). Moreover, the lack of bedding and hygiene (showers) for three (3) days does not state a constitutional violation. *See Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (affirming grant of summary judgment to the defendants

6

for claim that plaintiff was not able to shower for 28 days); *Lane v. Culp*, No. 05-576, 2007 WL 954101, at *5 (W.D. Pa. Mar. 28, 2007) (concluding that the denial of bedding for seven (7) days did not rise to the level of a constitutional violation). Accordingly, Beamer cannot maintain his claims regarding these conditions at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Beamer leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Beamer's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

_____
JUAN R. SÁNCHEZ, C.J.